IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **CHRIS WILSON Individually, and on behalf of all others similarly situated under 29 USC § 216(b)**<br><br>*Plaintiff,*<br><br>v.<br><br>**HEMANI CAPITAL GROUP, INC. d/b/a PAPA JOHNS and AL AMIN HEMANI**<br><br>*Defendants.* | Civil Action No. 4:18-cv-102 |

**TO THE HONORABLE JUDGE OF SAID**

**COMPLAINT**

CHRIS WILSON ("Plaintiff") individually and on behalf of similarly situated individuals under 29 U.S.C. § 216(b), upon personal knowledge as to himself, and upon information and belief as to other matters, brings suit against Hemani Capital Group, Inc. d/b/a Papa Johns ("Hemani Capital") and Al Amin Hemani ("Hemani") (collectively, "Defendants") to recover compensation, liquidated damages, attorneys' fees, and costs under the Fair Labor Standards Act of 1938 ("FLSA").

### I.    INTRODUCTORY STATEMENT

1.    This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") by Plaintiff, on behalf of himself and all others similarly-situated. *See* 29 U.S.C. § 216(b).

2. Plaintiff and Team Leader Class Members are those persons who are current and former non-exempt employees who worked for Defendants as "Team Leaders" and were paid a salary, but no overtime for the hours worked over forty (40) in each workweek ("Team Leader Class Members").

3. Congress passed the FLSA in 1938 in an attempt to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of living. The FLSA seeks to achieve these goals by providing a minimum wage, the prohibition of more than forty (40) hours in a single workweek without the payment of a premium or "overtime," as well as other protections for employees. The FLSA did not prohibit overtime, but rather, by imposing a premium rate for overtime, the FLSA discouraged working employees for longer than forty (40) hours in a single workweek. *See Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 577-78 (1942).

4. Plaintiff and Team Leader Class Members routinely worked in excess of forty (40) hours per workweek.

5. Plaintiff and Team Leader Class Members were not paid overtime at the rate of one-and-one-half their regular rates for all hours worked in excess of forty (40) per workweek.

6. Defendants knowingly and deliberately failed to compensate Plaintiff, Team Leader Class Members, and Class Members in accordance with the FLSA.

7. Plaintiff and Team Leader Class Members did not (and do not) perform work that meets the definition of exempt work under the FLSA.

8. Accordingly, Plaintiff and Team Leader Class Members bring this collective action to recover all unpaid wages, unpaid overtime, liquidated damages, attorneys' fees, and costs under Section 216(b) of the FLSA.

9. Plaintiff also prays that all similarly situated workers (Team Leader and Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.    PARTIES

10. Plaintiff, CHRIS WILSON, is an individual, who was employed by Defendants within the three (3) years preceding the filing of this lawsuit. Mr. Wilson's consent is attached to this Complaint as "*Exhibit A*."

11. Team Leader Class Members are those current and former Team Leaders who were employed by Defendants in the past three (3) years, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid—specifically, all other Team Leaders who were paid a salary and no overtime.

12. Defendant, Hemani Capital Group, Inc. ("Hemani Capital") is a Texas corporation. Hemani can be served with process by serving its registered agent, Al-Amin Hemani, 212 Wildbriar, Euless, Texas 76039, or wherever he may be found.

13. Defendant, Al-Amin Hemani ("Hemani"), an individual, is an owner of Hemani Capital. In his capacity as owner-manager, Hemani acts directly or indirectly in the interest of Hemani Capital in relation to its employees (including Plaintiff) by making operational and strategic decisions affecting employees, including decisions affecting employee compensation. Hemani is individually liable as an employer as

defined in Section 3(d) of the FLSA, 29 U.S.C. 203(d). Hemani can be served with process at his place of business, 6464 NAPLES DRIVE IRVING, TX 75039, or wherever he may be found.

### III.  JURISDICTION AND VENUE

14. This Court has federal question jurisdiction over the subject matter of this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. 216(b) and 28 U.S.C. §§ 1331, 1337.

15. This Court has personal jurisdiction over Defendants because Defendants are headquartered in Texas and employing Texas residents (including Plaintiff) to work at Defendants' Texas Papa John's Pizza locations.

16. Under 28 U.S.C. § 1391(b)(1) venue is proper in the Northern District because Defendants reside in this district.

### IV.  FLSA COVERAGE

17. At all times mentioned, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and Team Leader Class Members.

18. At all times mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. At all times mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning

of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level, which are separately stated).

21. At all times hereinafter mentioned, Plaintiff and Team Leader Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324 (5th Cir. 1993).

22. Specifically, Plaintiff and Team Leader Class Members are (or were) non-exempt employees who worked for Defendants at its Papa John's pizza restaurant. Further, Plaintiff and Team Leader Class Members have handled materials and goods that have been moved or produced in interstate commerce, which Defendants purchased or used in its business operation.

## V.   FACTUAL ALLEGATIONS

23. The primary function of Defendants' business is the operation of Papa John's Pizza restaurants.

24. To provide its services, Defendants employ Team Leaders—Plaintiff and Team Leader Class Members—who are tasked with working in the restaurant making pizzas, taking customer's orders, and cleaning the store.

25. Defendants require its Team Leaders to work off the clock without pay.

Specifically, Defendants require its employees to clock out at the end of their scheduled shift even though they are required to continue working.

26. Defendants also require its Team Leaders to complete their online training course at home without any pay.

### A. Factual Allegations Relating to Work as a Team Leader

27. Plaintiff and Team Leader Class Members' duties did not include managerial responsibilities or the exercise of independent discretion or judgment.

28. Plaintiff and Team Leader Class Members did not have the authority to hire or fire other employees, and they are not responsible for making hiring or firing recommendations.

29. During their employment, Plaintiff and Team Leader Class Members regularly worked more than forty (40) hours in a single workweek.

30. However, Defendants did not and do not pay Plaintiff and Team Leader Class Members time and one half their regular rate for the hours worked over forty (40) in a single workweek.

31. Instead, Defendants' pay Plaintiff and Team Leader Class Members the same for all hours worked, including any hours worked over forty (40) in a single workweek, even though Plaintiff and Team Leader Class Members are not-exempt from overtime.

32. During the three-year period prior to this suit, Defendants have employed individuals who, as Team Leaders, performed similar job duties under a similar payment scheme as used to compensate Plaintiff, while Plaintiff was working

as Team Leader.

33. Defendants employed Plaintiff and Team Leader Class Members within the three (3) year period preceding the filing of this lawsuit and did not pay Plaintiff and Team Leader Class Members for any hours worked over forty (40) in a workweek.

34. Defendants' method of paying Plaintiff and Team Leader Class Members, in violation of the FLSA, was willful and was not based on good faith and reasonable belief that its conduct complied with the FLSA. A three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

35. Defendants are an employer subject to the provisions of the FLSA and therefore violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516. Specifically, Defendants failed to maintain a weekly record of hours worked, failed to record overtime hours, i.e., hours worked more than forty hours in a workweek, and failed to record the correct overtime rate of pay for such hours.

### VI. COLLECTIVE ACTION ALLEGATIONS

36. Paragraphs 1 – 38 are incorporated herein as if set forth in full.

37. Plaintiff (the "Collective Action Representative") brings this FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "Collective Action"). In addition to the claims of the individually named Plaintiff, Plaintiff brings

this action as representatives of all similarly-situated Team Leaders who are former and current employees of Defendants. The proposed collective of similarly situated Team Leader employees ("Team Leader Class Members") sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as:

> **All Team Leaders who worked for Hemani Capital Group, Inc. within the three (3) year period preceding the filing of this lawsuit through the final disposition of this matter, and were paid a salary but did not receive overtime for all hours worked over (40) in each workweek.**

38. FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b), by filing a notice of consent.

39. Plaintiff, individually and on behalf of other similarly-situated employees, seek relief on a collective basis challenging, among other FLSA violations, the following: Defendants' failure to pay Team Leader employees overtime compensation.

40. Plaintiff is aware of other employees who work for Defendants who were paid in the same unlawful manner as Plaintiff. Plaintiff is aware that the illegal practices or policies of Defendants have been uniformly imposed on the Team Leader Class Members.

### A. TEAM LEADER CLASS MEMBERS

41. Plaintiff and Team Leader Class Members have the same pay structure and have similar job duties. Plaintiff and Team Leader Class Members are all victims

of Defendants' unlawful practices.

42. Plaintiff and the Team Leader Class Members are all non-exempt for purposes of overtime pay under the FLSA.

43. Defendants' failure to pay overtime compensation pursuant to the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Team Leader Class Members. Plaintiff's experience regarding pay is typical of the experiences of the Team Leader Class Members.

44. Although the exact amount of damages may vary among Team Leader Class Members, the damages for the Team Leader Class Members can be easily calculated by a simple formula. The Team Leader Members' claims arise from a common nucleus of facts. Specifically, Defendants' systematic course of wrongful conduct caused harm to Plaintiff and the Team Leader Class Members that supports Defendants' FLSA liability.

### VII. CAUSE OF ACTION NO. 1: FAILURE TO PAY OVERTIME IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

45. The foregoing paragraphs are fully incorporated herein.

46. At all material times, Plaintiff, Team Leader Class Members have been employees of Defendants.

47. Plaintiff and Team Leader Class Members were non-exempt employees in their positions as restaurant workers.

48. During the relevant period, Defendants have violated and are violating the provisions of Section 7 of the FLSA, 29 U.S.C. § 207, 215(a)(2), by employing

Plaintiff, and Team Leader Class Members in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, by failing to pay such employees at a rate of not less than one and one-half times the regular rate for every hour worked over forty (40) in a workweek. Plaintiff and Team Leader Class Members' regular rate must include all compensation, bonuses, and other remuneration paid by Defendants for purposes of calculating the overtime rate. *See* 29 C.F.R. 778.208.

49. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required overtime rate are applicable to Defendants, Plaintiff, or Team Leader Class Members.

## VIII.   JURY DEMAND

50. Plaintiff (and those who may join the suit) demands a trial by jury on all issues.

## IX.   DAMAGES SOUGHT

51. Plaintiff and Team Leader Class Members are entitled to recover compensation for the hours worked over forty (40) in a workweek, but for which Plaintiff and Team Leader Class Members were not paid at one-and-one-half times their regular rate.

52. Plaintiff and Team Leader Class Members are also entitled to an amount equal to all of the unpaid wages and fees as liquidated damages as Defendants' actions were not based upon good faith. *See* 29 U.S.C. § 216(b).

53. Plaintiff and Team Leader Class Members are entitled to recover

attorneys' fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## X. PRAYER

54. For these reasons, Plaintiff and Team Leader Class Members respectfully request that judgement be entered in their favor, against Defendants, joint and severally, awarding Plaintiff and Team Leader Class Members the following relief:

a. For an Order pursuant to Section 216(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join in the suit);

b. For an Order pursuant to Section 216(b) of the FLSA finding Defendants liable for Plaintiff (and those who may join in the suit) attorneys' fees and costs; and

c. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,


By: */s/ Drew N. Herrmann*
Drew N. Herrmann
Texas Bar No. 24086523
drew@herrmannlaw.com
**HERRMANN LAW, PLLC**
777 Main St., Suite 600
Fort Worth, Texas 76102
(817) 479-9229 – telephone
(817) 887-1878 – fax

By:/s/ *Jerry Murad, Jr.*
Jerry Murad, Jr.
Texas Bar No. 00784654
jerrymurad@mac.com
**LAW OFFICE OF JERRY MURAD**
6300 Ridglea Place, Suite 1010
Fort Worth, Texas 76116
(817) 335-5691 – telephone
(817) 870-1162 – fax

**ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS**

EXHIBIT A

# NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF UNDER THE FLSA

1. I, _____Chris Wilson_____, consent and agree to pursue a claim under the Fair Labor Standards Act of 1938 against my employer(s) for unpaid wages during my employment.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended. 29 U.S.C. 201, et. seq. I hereby consent, agree, and opt-in to become a plaintiff and be bound by any judgment of the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. In that case, I also designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

4. I designate the law firm and attorneys at Herrmann Law, PLLC, Law Office of Jerry Murad, and other attorneys with whom they may associate to prosecute my wage claims.

2/7/2018

Date

DocuSigned by:
*Chris Wilson*
C7E9F77322DF45A

Signature

Chris Wilson

Printed Name